# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JULIE RAIM n/k/a Julie Redmond, <br><br> Defendant. | No. 05-CR-86-CJW-MAR <br><br> **CERTIFICATION OF FACTS REGARDING DEFENDANT'S CONTEMPT, REPORT AND RECOMMENDATION** |

Before me is the Government's Notice to the Court[1] dated August 29, 2024. (Doc. 191.) The Notice indicates Defendant failed to make a $400 payment on August 1, 2024, or at any time to the date of filing the Notice, as required by the agreement she entered to avoid serving a sentence for contempt of court. The Government's notice requests that I file a certification recommending the Court find Defendant in contempt. Defendant has filed no resistance.

## I. CERTIFICATION OF FACTS

I hereby certify the following facts to the Court: On May 23, 2006, the Court sentenced Defendant to 33 months of imprisonment for wire fraud in violation 18 U.S.C. § 1343. As part of the Court's judgment, Defendant was ordered to pay $87,332.18. The record is replete with the Government's efforts to collect on the judgment. It includes two instances where Defendant's supervised release was revoked for, among other things, her failure to pay a financial penalty. (Doc. 180-1 at 2.) As the judgment aged, the Government's enforcement efforts have increased. In other words, this is a

---

[1] Although captioned as a "Notice," Doc. 191 requests relief from the Court (i.e., certification of contempt) and, therefore, is properly considered a motion.

1

case where the Government has a legitimate concern that the judgment may become unenforceable before Defendant has satisfied it. "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613.

The most recent collection efforts are summarized as follows: On December 7, 2022, Defendant did not appear for her Judgment Debtor Exam. (Doc. 176.) The Government filed a Motion for Default which was granted. (Docs. 177 and 178.) Default was entered on November 1, 2023. (Doc. 179.)

On March 28, 2024, the Government filed a Motion for Order to Show Cause Why Defendant Should Not be Held in Civil Contempt. Also filed with the Motion is a Brief and Exhibit 1 (which is a copy of Defendant's repayment history). The Government's motion and brief requested that the Court find Defendant in contempt of court and sentence her to 30 days of imprisonment. The Government further requested the Court withhold mittimus on the sentence and establish a minimum monthly payment amount and provide Defendant six months to show she can comply with the payment schedule and cure her contempt. (Doc. 180.)

A Show Cause hearing was set for May 8, 2024, at which time Defendant appeared personally and the hearing was continued to June 18, 2024 to allow the parties to reach an agreement. During said hearing, I advised Defendant of her right to an attorney because of the possibility that she could be facing jail time. (Docs. 182 and 183.)

On June 18, 2024, I held a Show Cause hearing. At said hearing, Defendant was personally present and discussed her efforts to hire an attorney. I directed the CJA Panel Administrator to appoint Defendant counsel and the Show Cause hearing was continued to July 16, 2024. (Doc. 184.) On June 18, 2024, I appointed Charles D. Paul to represent Defendant. (Doc. 187.)

At the Show Cause hearing on July 16, 2024, Defendant appeared personally with her attorney Charles D. Paul. The Government was represented by Martin J. McLaughlin. At the July 16, 2024 Show Cause hearing, the Government offered into evidence a "Contempt Agreement" which provides as follows:

> CONTEMPT AGREEMENT
>
> Defendant, Julie Raim, admits she is in contempt of court for willfully failing to pay her restitution obligation of $40,412.34 imposed in CR 05-86. In exchange for the below agreement to pay, the United States and Defendant have agreed to recommend to the Court that a 30-day contempt sentence be imposed. The parties have further agreed to recommend the 30-day mittimus to be withheld for 6 months to allow Defendant an opportunity to cure her contempt.
>
> Defendant, Julie Raim, will agree to pay $400.00 per month, pursuant to this contempt agreement. The first payment of $400.00 will be due on August 1, 2024. Each additional payment will be due by the 1st day of the next month for a total of $2,400.00 due by January 1, 2025.
>
> If Defendant pays $400 each month by the beginning of each month and pays $2,400.00 in 6 months, mittimus shall not enter.
>
> If Defendant does not pay $400 each month by the beginning of each month and $2,400.00 in 6 months, Defendant will be committed to the custody of the Bureau of Prisons for 30 days.

(Doc. 190-1.) The Agreement is signed by Defendant.

At the July 16, 2024 hearing, I held a colloquy with Defendant (very similar to my standard colloquy at a Rule 11 guilty plea) to ascertain whether Defendant was competent, understood her rights, and was voluntarily waiving those rights. I concluded Defendant was competent, understood her rights, and was waiving her rights to contest the contempt allegations. I also established by Defendant's admissions that she had willfully failed to pay her restitution obligation; i.e., that she had money to pay the

3

obligation, but willfully refused to do so. I further concluded that Defendant should be found in contempt but agreed to hold my certification of that contempt in abeyance to afford Defendant an opportunity to cure her contempt.

As stated above, the Government's Notice indicates Defendant failed to make a $400 payment on August 1, 2024, or at any time to the date of filing the Notice. Defendant filed no resistance.

## II. CONTEMPT AUTHORITY

As the Government accurately states:

Rule 70 of the Federal Rules of Civil Procedure allow a judgment to be enforced through various means including holding the defendant in contempt of court. Fed.R.Civ.Pro.70(e). The criminal restitution statute allows the government to enforce the restitution order "in the manner provided for in subchapter C of chapter 227 (18 U.S.C. §§ 3571-3574) and subchapter B of chapter 229 (18 U.S.C. §§ 3611-3615) of Title 18 or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i) and (ii). Fed.R.Civ.Pro.70 is an available means to enforce the restitution this court ordered in 2006.

Title 18 U.S.C. § 3613 states the United States may enforce a judgment imposing a fine (or restitution) using the practices and procedures for enforcing a civil judgment under federal or state law. Rule 70 of the Federal Rules of Civil Procedure is one of those procedures that can be used to enforce this restitution judgment.

Further, Title 18 U.S.C. § 3613A provides an array of sanctions the Court may impose to obtain compliance with the Court's order of restitution. Title 18 U.S.C. § 3613A(a)(1)(a) states:

> that the Court, on a finding of default on restitution may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation of supervised release, resentence a defendant pursuant to section 3614, hold defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, enter or adjust a payment schedule,

4

>     or take any other action necessary to obtain compliance with
>     the order of fine or restitution.

(Doc. 180-1 at 5-6.)

The contempt authority of a United States Magistrate Judge is set forth in 28 U.S.C. Section 636(e). Only subsection 636(e)(6) applies in the case at bar:

> (e) Contempt authority.--
>  . . .
>
>   (6) Certification of other contempts to the district court.--Upon the commission of any such act--
>
> . . .
>
>     (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--
>       (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>       (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>       (iii) the act constitutes a civil contempt,
>
>     the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. *The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in*

5

> *the same manner and to the same extent as for a contempt committed before a district judge.*[2]

28 U.S.C. § 636 (emphasis added).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) *citing Independent Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir.1998). If the movant produces clear and convincing evidence, "the burden … shift[s] to the [alleged contemnors] to show an inability to comply." *Id.* (citation omitted). Here, there is no dispute regarding Defendant's failure to comply. She clearly has not paid the restitution judgment. During my colloquy with Defendant, she admitted she had the ability to pay, but did not. Defendant missed the first payment she agreed to pay only 16 days after her Court appearance, her voluntary and knowing admission of contempt, and her execution of her agreement to pay.

### III.   CONCLUSION AND RECOMMENDATION

I certify to the District Court the above facts which support my recommendation:

(a)  that Defendant Julie A. Raim n/k/a Julie Redmond should be found in contempt of Court,

(b)  that she should be sentenced to a term of imprisonment and remanded to the custody of the United States Marshals Service or the Bureau of Prisons, as the Court deems appropriate, for a term of 30 days, and

(c)  that a warrant for her arrest should be issued.

---

[2] Unless the Court concludes this italicized language requires another hearing before a district court judge, I recommend that the Court conclude that Defendant knowingly and voluntarily waived her right to any additional hearing on the contempt. During my colloquy with Defendant, I established that she understood that the contempt sanction, including a sentence of imprisonment, could be entered without any further hearing before the Court, if she failed to make her payments.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 13 day of September, 2024.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa