# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | No. 05-CR-86-CJW-MAR |
| Plaintiff, | ‖ | |
| vs. | ‖ | **ORDER** |
| JULIE RAIM n/k/a Julie Redmond, | ‖ | |
| Defendant. | ‖ | |

## I. INTRODUCTION

This matter is before the Court on the government's motion for certification finding defendant in contempt of Court (Doc. 191) and Magistrate Judge Mark A. Roberts' report and recommendation recommending defendant be found in contempt (Doc. 192).

Defendant did not file a resistance to the government's motion for certification and the matter was referred to United States Magistrate Judge Roberts for a certification of facts regarding defendant's contempt and a report and recommendation. On September 13, 2024, Judge Roberts certified facts regarding defendant's contempt and recommended that defendant be found in contempt of Court, that defendant be sentenced to a term of imprisonment of 30 days, and that a warrant for her arrest should be issued ("R&R). (Doc. 192). Defendant filed her objection to Judge Roberts' R&R after being granted extensions to do so. (Doc. 198). The government did not file any objections. The Court held a hearing on this matter on December 20, 2024. (Doc. 206).

For the following reasons, the Court **adopts** Judge Roberts' R&R (Doc. 192) and **grants** the government's motion for certification (Doc. 191).

## II. STANDARD OF REVIEW

The Court reviews Judge Roberts' R&R under the statutory standards found in Title 28, United States Code, Section 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*See also* FED. R. CIV. P. 72(b) (stating identical requirements). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, the district court must review the objected portions de novo. 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate [judge]'s report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

## III. BACKGROUND

The Court has reviewed the record and finds that Judge Roberts accurately summarized the pertinent facts and procedural history of this case. (Doc. 192, at 1-4). The Court adopts Judge Roberts' certification of facts with only one modification. As discussed below, defendant made an additional restitution payment on December 20, 2024, which was evidenced in an exhibit defendant presented to the Court at the

December 20, 2024 hearing.

## IV. ANALYSIS

The Court has also reviewed Judge Roberts' analysis regarding the applicable law for contempt authority and has also conducted its own research on the topic. The Court finds Judge Roberts has accurately stated the applicable law.

Here, defendant has not objected to any of Judge Roberts' factual conclusions, Judge Roberts' recommendation that defendant be found in contempt, or the applicable law. Defendant's only objection is related to a magistrate judge's authority to find a defendant in contempt. Specifically, defendant argues a finding of contempt cannot be based on the certification from the magistrate judge alone and 28 U.S.C. 636(e) requires the district court to hear evidence of an alleged contempt. (Doc. 198).

On December 20, 2024, the Court held a hearing on this matter. (Doc. 206). The government offered two additional pieces of evidence showing the history of defendant's payments towards the balance of her restitution obligations. (Doc. 206-1). Defendant moved into evidence documents related to her current health status, a utility bill, and a receipt from a payment she made towards her restitution on December 20, 2024. (*Id.*). Defendant did not dispute that she failed to pay her restitution obligations. She also did not dispute she had violated the terms of the Contempt Agreement. As a result, the Court concluded that defendant is in contempt.

## V. CONCLUSION

For these reasons the Court **adopts** Magistrate Judge Roberts' Report and Recommendation (Doc. 192) and **grants** the government's motion for certification finding defendant in contempt of court (Doc. 191). The Court hereby finds:

(a) that defendant Julie A. Raim n/k/a Julie Redmond is found in contempt of Court,

(b) that defendant is sentenced to a term of imprisonment of 30 days, and

(c) that defendant must self-surrender to the United States Marshals at the United States District Courthouse for the Northern District of Iowa by January 14, 2025, by no later than 10:00 AM.

**IT IS SO ORDERED** this 23rd day of December, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa