**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIE RAIM n/k/a Julie Redmond,<br><br>Defendant. | No. 05-CR-86-CJW-MAR<br><br><br>**ORDER** |

A certification of facts regarding defendant's contempt and Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending defendant be found in contempt is before the Court. (Doc. 238). For the following reasons, the Court **adopts without modification** Judge Roberts' certification of facts and R&R.

The Court reviews Judge Roberts' R&R under the statutory standards found in Title 28, United States Code, Section 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*See also* Fed. R. Civ. P. 72(b) (stating identical requirements). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude

> further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, the district court must review the objected portions de novo. 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate [judge]'s report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

Here, neither party has objected to any of Judge Roberts' factual conclusions, Judge Roberts' recommendation that defendant be found in contempt, or the applicable law. Thus, the Court reviews the matter for clear error. The Court has reviewed the record and finds that Judge Roberts accurately summarized the pertinent facts and procedural history of this case. (Doc. 238, at 2-7). The Court adopts Judge Roberts' certification of facts. The Court has also reviewed Judge Roberts' analysis regarding the applicable law for contempt authority and has also conducted its own research on the topic. The Court finds Judge Roberts has accurately stated the applicable law. (*Id.*, at 7–12).

For these reasons the Court **adopts** Judge Roberts' certification of facts and R&R **without modification**. (Doc. 238).

The Court hereby finds:

(a) that defendant Julie A. Raim n/k/a Julie Redmond is found in contempt of Court,

(b) that defendant is sentenced to a term of imprisonment of 90 days, and is hereby remanded to the custody of the United States Marshals Service, and

(c) that defendant must self-surrender to the United States Marshals at the

United States District Courthouse for the Northern District of Iowa by September 21st, 2026, by no later than 10:00 AM.

(d) the government's motion, (Doc. 213), is **granted**.

**IT IS SO ORDERED** this 1st day of September, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa